UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CATHY GAITHER, | Case No.: 2:11-cv-00597-RLH-GWF |
| Plaintiff, | **O R D E R** |
| vs. | (Motion for Remand–#5) |
| CHASE MORTGAGE SERVICES; CALIFORNIA RECONVEYANCE CO.; FEDERAL NATIONAL MORTGAGE ASSN; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and Doe Defendants 1-10; Roe Corporations 1-10, Inclusive | |
| Defendants. | |

Before the Court is Plaintiff's **Motion for Remand** (#5, filed April 22, 2011) based on the amount in controversy not being met. The Court has also considered Defendants' Opposition (#7, filed May 5, 2011), and Plaintiff's Reply (#9, filed May 11, 2011).

### BACKGROUND

This dispute arises out of a foreclosure on residential real estate. Jo Ann Gaither died on July 19, 2010 in Las Vegas, Clark County, Nevada. At the time of her death, she owned the property at 2004 E. Tonopah, North Las Vegas 89030 (the "Property") valued at approximately

1

AO 72
(Rev. 8/82)

1  $75,000. A loan with JPMorgan Chase Bank ("Chase Bank") encumbered the Property. The
2  Parties dispute what the outstanding balance should be.
3      Plaintiff, the daughter and sole heir to Jo Ann Gaither, allegedly made certain payments to
4  Chase Bank to satisfy portions of the outstanding loan. However, she alleges that Chase Bank
5  misapplied these payments and wrongfully foreclosed on the property.
6      Plaintiff filed suit in the Eighth Judicial District Court for the State of Nevada on March
7  16, 2011. Defendants removed the case to this Court on April 18, 2011. Plaintiff subsequently
8  filed this Motion to Remand. For the reasons discussed below, the Court denies Plaintiff's Motion.

9  **DISCUSSION**

10      Plaintiff contends this Court lacks subject matter jurisdiction because: (1) the amount in
11  controversy does not exceed $75,000; and (2) there is not a substantial federal question presented
12  in the complaint.
13      To establish subject matter jurisdiction pursuant to diversity of citizenship, the party
14  asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and
15  (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). If a defendant has
16  improperly removed a case over which the federal court lacks diversity jurisdiction, the federal
17  court shall remand the case to state court. 28 U.S.C. § 1447(c). However, the district court should
18  deny a motion to remand to state court if the case was properly removed to federal court.
19  *Carpenters S. Cal. Admin. Corp. v. Majestic Hous.*, 743 F.2d 1341, 1343 (9th Cir. 1984),
20  *abrogated on other grounds by S. California IBEW-NECA Trust Funds v. Standard Indus. Elec.*
21  *Co.*, 247 F.3d 920, 924 (9th Cir. 2001).
22      For jurisdictional purposes, the amount in controversy is determined by the amount at stake
23  in the underlying litigation. *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir.
24  2005). In determining the amount in controversy, a district court may consider the amount of
25  compensatory and punitive damages recoverable based on plaintiff's complaint as well as attorney
26  ///

AO 72
(Rev. 8/82)

fees, but may not consider interest and cost of suit. *Meisel v. Allstate Indem. Co.*, 357 F.Supp.2d 1222, 1225 (E.D. Cal. 2005).

When a plaintiff seeks injunctive relief, the value of the object of the litigation determines the amount in controversy. *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 (9th Cir. 2002). In foreclosure cases, courts look to (1) the amount of indebtedness or (2) the fair market value of the property to determine the amount in controversy. *Ngoc Nguyen v. Wells Fargo Bank*, N.A., 749 F. Supp. 2d 1022, 1028-29 (N.D. Cal. 2010). In *Ngoc Nguyen*, the court acknowledged the two approaches but found the distinction irrelevant because both the indebtedness *and* the value of the property exceeded the $75,000 threshold. *Id*.

Here, Plaintiff seeks injunctive relief by asking that Defendants' "Sale and Foreclosure be set aside." Thus, under *Cohn*, this Court must look to the value of the object of the litigation, here, the Property.

Similar to *Ngoc Nguyen*, where either the loan amount or value of the property satisfied the jurisdictional limit, here, either starting point leads to a sufficient aggregate amount-in-controversy. Though the Parties dispute the amount of the loan and fair market value of the Property, the dispute is irrelevant because Plaintiff's valuations are sufficient. First, Plaintiff claims that the "encumbrance upon the [P]roperty after the Bankruptcy Proceedings was $63,588.17." Second, the Plaintiff concedes the Property has a "value of roughly $75,000." Putting special damages and attorneys fees aside, Plaintiff's Complaint seeks compensatory damages for pain and suffering in excess of $10,000 and punitive damages in excess of $10,000 against the Defendants. Thus, $20,000 aggregated with *either* $63,588.17 (the loan) or $75,000 (the Property) exceeds the $75,000 limit. Therefore, Defendants satisfy the statutory requirement for removal and the Court denies the Motion.

Because the diversity jurisdictional requirements are satisfied, it is unnecessary to examine whether a substantial federal question exists.

///

3

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiff's Motion for Remand (#5) is DENIED.

Dated: August 26, 2011.

_____
**ROGER L. HUNT**
**United States District Judge**

4